No.  08-1641

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FREDDIE MCCOY,                                    )
                                                  )
        Plaintiff-Appellant,                      )
                                                  )
v.                                                )        O R D E R
                                                  )
STATE OF MICHIGAN; MICHIGAN                       )
DEPARTMENT OF CORRECTIONS;                        )
JEANNE HIGGINS; KENNETH                           )
ROMANOWSKI, Warden; GERALD                        )
CONWAY; EDDIE CARGOR; KATHY                       )
WARNER; JOHN JUNGLING, all in their               )
individual and official capacities,               )
                                                  )
        Defendants-Appellees.                     )
                                                  )

FILED

Nov 18, 2008
LEONARD GREEN, Clerk

Freddie McCoy, a pro se Michigan resident, appeals the dismissal of his employment discrimination/retaliation action, filed pursuant to Title VII of the Civil Rights Act of 1964, the Michigan Elliott-Larsen Civil Rights Act, and 42 U.S.C. § 1983.  The district court denied McCoy's request to proceed in forma pauperis on appeal, and he now moves this court for leave to proceed in forma pauperis.  Fed. R. App. P. 24(a)(5).

When a district court has denied a pro se plaintiff's request for leave to proceed in forma pauperis, the plaintiff may file a motion in this court for leave to proceed in forma pauperis.  Fed. R. App. P. 24(a)(5); *see also Owens v. Keeling*, 461 F.3d 763, 773-76 (6th Cir. 2006).  This court will grant the motion if it is persuaded that the appeal is being taken in good faith, i.e., that the issues to be raised are not frivolous.  *See Coppedge v. United States*, 369 U.S. 438, 445 (1962).  An issue is frivolous if it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

McCoy, an African-American, alleged that he had suffered race-based discrimination while employed as a corrections officer with the Michigan Department of Corrections (MDOC) and had been discharged in 2004 due to his repeated opposition to a pattern of discriminatory conduct by the

No. 08-1641
- 2 -

defendants.  The district court dismissed McCoy's complaint on the ground of res judicata.  The district court reasoned that McCoy could have raised the issues surrounding his 2004 termination in a 1999 state lawsuit and that the MDOC employees named as defendants were, for res judicata purposes, in privity with MDOC, the only named defendant in the 1999 proceeding.

Title 28 U.S.C. § 1738 requires federal courts to give preclusive effect to state court judgments.  Accordingly, federal courts must give the same effect to a state court judgment as would be given by a court of the state from which the judgment issued.  The preclusive effect of the judgment is determined by state law.  *Katt v. Dykhouse*, 983 F.2d 690, 693 (6th Cir. 1992).  Michigan has adopted a broad application of res judicata which bars litigation in the second action not only of those claims actually litigated in the first action, but claims arising out of the same transaction which the parties, exercising reasonable diligence, could have litigated but did not.  *Id.*; *Martino v. Cottman Transmission Sys., Inc.*, 554 N.W.2d 17, 20 (Mich. Ct. App. 1996).

The 1999 lawsuit filed by McCoy alleged race- and gender-based discrimination, as well as retaliation.  The suit proceeded to summary judgment on November 10, 2004, and, in that same month, the district court dismissed the complaint with prejudice.  The instant lawsuit, filed in 2006, alleged that McCoy had been fired in September 2004 due to incidents occurring in July 2004 and August 2004 – prior to the dismissal of the state court lawsuit.  The 1999 and 2006 complaints essentially arose from the same pattern of discriminatory conduct, and, because Michigan courts permit amendment at any time prior to judgment, McCoy could have sought to amend the 1999 complaint to incorporate the 2004 incidents.  *See* Mich. Comp. Laws § 600.2301; *see also Shah v. Upjohn Co.*, No. 195832, 1997 WL 33344730, at *3 (Mich. Ct. App. July 1, 1997) (where first proceeding is underway, a plaintiff asserting new facts should move to amend complaint in first proceeding).

Michigan's res judicata doctrine, therefore, would have precluded the 2006 complaint had it been filed in state court.  Section 1738 prevents McCoy from litigating in federal court what could not be re-litigated in state court.  *Stallings v. Goshen Dairy Stores, Inc.*, No. 95-3228, 1996 WL

No.  08-1641
- 3 -

366936, at *4 (6th Cir. June 27, 1996).  Accordingly, the instant appeal is frivolous under *Neitzke*.

*See Taylor v. Reynolds*, 22 F. App'x 537, 538 (6th Cir. 2001).

For this reason, the motion to proceed in forma pauperis is denied.  Accordingly, McCoy is

directed to pay the $455 appellate filing fee in full with the district court within thirty (30) days of

the filing of this order, or the appeal will be dismissed for want of prosecution.


ENTERED BY ORDER OF THE COURT


Leonard Green
Clerk